## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: Brent and Diane Norway  )   16 B 12190
                               )
    Debtor(s)             )   Judge Goldgar

### *NOTICE OF FILING AND CERTIFICATE OF SERVICE*

| | | |
|---|---|---|
| Brent C Norway | 2015-1 IH2 Borrower, L.P. | David Cutler |
| Diane Norway | c/o Deutsch, Levy & Engel | 4131 Main Street |
| 24864 W IL Route 173 | 225 W Washington St., Ste 1700 | Skokie, IL  60076 |
| Antioch, IL  60002 | Chicago, IL  60606 | |

    Please take notice that on March 17, 2017, at 10:00 a.m., a representative of this office shall appear before the Honorable Judge A. Benjamin Goldgar or any other Bankruptcy Judge who may preside in his place and stead, at North Branch Court, 1792 Nicole Lane, Round Lake Beach, IL  60073 and present this claim objection.

    I certify that this office caused a copy of this notice to be delivered to the above listed debtor and creditor by depositing it in the U.S. Mail at 801 Warrenville Road, Lisle, Illinois 60532 and to all other listed parties electronically via the Court's CM/ECF system on February 8, 2017.

                                                   /s/   Glenn Stearns
                                                     Glenn Stearns, Trustee

---

### OBJECTION TO CLAIM #16

    Now Comes Glenn Stearns, Chapter 13 Trustee, objecting to the claim of 2015-1 IH2 Borrower, L.P. and in support thereof, states the following:

1. On April 11, 2016, the debtors filed a petition under Chapter 13.

2. On June 10, 2016 the debtors' plan was confirmed.

3. On August 8, 2016, 2015-1 IH2 Borrower, L.P. (hereinafter Creditor) filed a claim (Doc 16) in the amount of $2,825.73.

4. The basis for the claim appears to be unpaid rent.

5. Box 9 of Creditor's claim shows that their claim is partially offset by a security deposit in the amount of $1,400.

6. Creditor's claim should be reduced by $1,400 unless they can show that the security deposit has been returned to the debtors.

7. Box 12 of Creditor's claim asserts that the claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(7).

8. Unpaid rent is not a claim that qualifies for priority treatment under § 507(a)(7).

WHEREFORE, the Trustee prays that said claim be reduced by the $1,400 security deposit, that the claim to priority status be denied, that the remainder of said claim be allowed as a general unsecured claim, and for such other and further relief as this court deems proper.

> Respectfully Submitted;
> Glenn Stearns, Trustee
>
> /s/ Glenn Stearns
> By: Glenn Stearns

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532
(630) 981-3888